IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONSTER CABLE PRODUCTS, INC. | No. C-08-4792 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND PORTIONS OF COUNTERCLAIM AND FOR JUDGMENT ON THE PLEADINGS REGARDING AFFIRMATIVE DEFENSES; VACATING HEARING** |
| v. | |
| AVALANCHE CORPORATION, | |
| Defendant / | |

Before the Court is plaintiff Monster Cable Products, Inc.'s "Motion to Strike Defendant's Affirmative Defenses and Portions of Counterclaim; Motion for Judgment on the Pleadings Regarding Affirmative Defenses," filed January 29, 2009. Defendant Avalanche Corporation has filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for March 13, 2009, and rules as follows:

1. To the extent plaintiff moves to strike ¶ 6 of defendant's counterclaim, plaintiff's motion will be granted, for the reason defendant "does not oppose" the striking of said paragraph. (See Def.'s Opp. at 9:17-18.)

2. To the extent plaintiff moves to strike the Second Affirmative Defense (Laches), the Third Affirmative Defense (Estoppel), and the Fourth Affirmative Defense

(Acquiescence), the motion will be granted, for the reason defendant has failed to allege any facts in support thereof or to otherwise provide any notice of the basis for such defenses. See Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) (holding "key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense"); see also Shechter v. Comptroller, 79 F.3d 265, 270 (holding "defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy"). In its opposition, defendant states said defenses are based on the theory that it has used the challenged marks "for years without any objection by plaintiff." (See Def.'s Opp. at 5:23-25.) Because it appears defendant could amend to provide plaintiff with fair notice of the basis of the Second, Third, and Fourth Affirmative Defenses, the Court will afford defendant leave to do so.

      3. To the extent plaintiff moves to strike the Fifth Affirmative Defense (Abandonment), the motion will be granted, for the reason defendant has failed to allege any facts in support thereof or to otherwise provide any notice of the basis for such defense. See Shechter, 79 F.3d at 270; Wyshak, 607 F.2d at 827. If defendant is prepared to allege facts to support a finding that plaintiff has "discontinu[ed]" using its marks and does not intend to "resume such use," defendant may amend to allege such facts. See Electro Source, LLC v. Brandess-Kalt-Aetna Group, Inc., 458 F.3d 931, 935 (9th Cir. 2006) (setting forth elements of defense of trademark abandonment).

      4. To the extent plaintiff moves to strike the Sixth Affirmative Defense (Lack of Required Distinctiveness), the motion will be denied, for the reason that the defense is not "affirmative" in nature and defendant has provided fair notice of the defense, specifically, that plaintiff's alleged marks are "insufficiently distinctive." (See Def.'s Answer to Pl.'s Compl. and Counterclaim ("Ans.") at 3:17-18); Kendall-Jackson Winery v. E. & J. Gallo Winery, 150 F.3d 1042, 1046-47 (9th Cir. 1998) (holding plaintiff alleging trademark infringement claim has burden to prove, inter alia, mark is "distinctive"); Fed. R. Civ. P. 8(b)(1)(A) (providing defendant must "state in short and plain terms its defenses).

      5. To the extent plaintiff moves to strike the Seventh Affirmative Defense (No Trade

Dress), the motion will be denied, for the reason the defense is not "affirmative" in nature and defendant has provided fair notice of the defense, specifically, that plaintiff's marks are not "registered" and have not "acquired secondary meaning." (See Ans. at 3:21-22); Wal-Mart Stores, Inc. v. Samara Brothers, Inc., 529 U.S. 205, 216 (2000) (holding, "in an action for infringement of unregistered trade dress . . . , a product's design is distinctive, and therefore protectible, only upon a showing of secondary meaning").

      6. To the extent plaintiff moves to strike the Eighth Affirmative Defense (Doctrine of Unclean Hands), the motion will be granted, for the reason defendant fails to allege any facts in support thereof or to otherwise provide any notice of the basis for such defense. See Shechter, 79 F.3d at 270; Wyshak, 607 F.2d at 827.  If defendant is prepared to allege that plaintiff has engaged in some type of "inequitable conduct" and that such conduct "relates to the subject matter of [plaintiff's] claims," defendant may amend to allege such facts. See Brother Records, Inc. v. Jardine, 318 F.3d 900, 909 (9th Cir. 2003) (setting forth elements of defense of unclean hands).

      7. To the extent plaintiff moves to strike the Ninth Affirmative Defense (Statute of Limitations), the motion will be granted, for the reason defendant fails to allege any facts in support thereof or to otherwise provide any notice of the basis for such defense. See Shechter, 79 F.3d at 270; Wyshak, 607 F.2d at 827.  If defendant is prepared to allege the length of the limitations period and/or the source of the law providing such period, defendant may amend to allege such facts. See Fed. R. Civ. P. 84, appendix Form 30 (providing as example of sufficient allegation that "plaintiff's claim is barred by the statute of limitations because it arose more than __ years before this action was commenced"); Wyshak, 607 F.2d at 827 (finding sufficient defendant's allegation that "plaintiff's claims are barred by the applicable statute of limitations," where an "attached memorandum made specific mention of Cal. Code Civ. Proc. § 338.1 as the statute of limitations upon which [defendant] relied").

      8. To the extent plaintiff moves to strike the Eleventh Affirmative Defense (Failure to Give Notice), the motion will be denied, for the reason defendant has provided fair notice of

3

the defense, specifically, that "[p]laintiff's damage claims are barred by section 29 of the Lanham [A]ct on account of its persistent and pervasive failure to give notice of its claimed registrations." (See Answer at 4:8-9); 15 U.S.C. § 1111 (providing owner of registered mark not entitled to recover "damages" if owner fails to give notice mark is registered by "displaying with the mark the words 'Registered in U.S. Patent and Trademark Office' or 'Reg. U.S. Pat. & Tm. Off.' or the letter R enclosed within a circle, thus ®").[1]

        9. To the extent plaintiff moves to strike the Twelfth Affirmative Defense (Misuse), the motion will be granted, for the reason defendant fails to allege any facts in support thereof or to otherwise provide any notice of the basis for such defense. See Shechter, 79 F.3d at 270; Wyshak, 607 F.2d at 827. In its opposition, defendant asserts said defense is based on the theory that plaintiff has filed "approximately 100 trademark applications incorporating the name 'Monster' even though it does not actually engage in or plan to engage in the manufacturing, distribution or sale of the same or even similar products manufactured and sold by [defendant]." (See Def.'s Opp. at 7:18-21.) As plaintiff points out, defendant may not base a "misuse" defense on the theory plaintiff misused trademarks it has not alleged were infringed by defendant. See Tveter v. AB Turn-O-Matic, 633 F.2d 831, 838-39 (9th Cir. 1980) (holding "misuse" defense to claim of trademark infringement cannot be based on "misconduct in the abstract," but, rather, only on misconduct that "[ ]relates to the claim to which it is asserted as a defense"). Nevertheless, as plaintiff has not shown defendant is foreclosed from alleging a more narrow affirmative defense based on misuse, defendant will be afforded leave to amend to allege a cognizable misuse defense.[2]

        10. To the extent plaintiff moves to strike the Thirteenth Affirmative Defense (Lack

---

[1] Further, at least one Court of Appeals has found that "§ 1111 does not create a defense; it is a limitation on remedies." See United States v. Sung, 51 F.3d 92, 94 (7th Cir. 1995).

[2] Plaintiff argues that defendant's misuse defense is barred by the "Noerr-Pennington doctrine" and/or on grounds of lack of standing. Such arguments are premature, given that defendant has failed to amend to allege any facts in support of a misuse defense.

4

1  of Personal Jurisdiction), the Fourteenth Affirmative Defense (Lack of Venue), and the
2  Fifteenth Affirmative Defense (Forum Non-Conveniens), the motion will be denied, for the
3  reason the factual basis for such defenses is readily apparent from defendant's answer, in
4  which defendant denies plaintiff's allegations that defendant "has on a continual basis
5  committed infringing and diluting acts . . . within the Northern District of California" and that
6  defendant has engaged in "business interactions purposefully elicited by [defendant] with or
7  directed to residents of said District." (Compare Compl. ¶ 3 with Ans. ¶ 3.)

8        11.  To the extent plaintiff alternatively seeks judgment on the pleadings as to
9  thirteen of defendant's fifteen affirmative defenses, the motion will denied as moot with
10 respect to the Second, Third, Fourth, Fifth, Eighth, Nine and Twelfth Affirmative Defenses,
11 said defenses having been stricken with leave to amend, and will be denied with respect to
12 the Sixth, Seventh, Eleventh, Thirteenth, Fourteenth, and Fifteenth Affirmative Defenses,
13 for the reason plaintiff has failed to show the pleadings establish that "no material issue of
14 fact remains to be resolved" and that plaintiff is "entitled to judgment as a matter of law" as
15 to any such affirmative defense. See Hal Roach Studios v. Richard Feiner & Co., 896 F. 2d
16 1542, 1550 (9th Cir. 1990) (setting standard for motion for judgment on the pleadings).

## CONCLUSION

For the reasons stated above, plaintiff's motion to strike and for judgment on the pleadings is hereby GRANTED in part and DENIED in part, as follows:

    1.  Paragraph ¶ 6 of defendant's counterclaim is hereby STRICKEN.

    2.  The Second, Third, Fourth, Fifth, Eighth, Nine and Twelfth Affirmative Defenses are hereby STRICKEN, with leave to amend. Any First Amended Answer and Counterclaim shall be filed no later than April 3, 2009.

    3.  In all other respects, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 11, 2009

MAXINE M. CHESNEY
United States District Judge

5